In December, 1894, the requisite number of creditors, among whom was the appellant, the bank of Woodland, filed a petition in the superior court of Yolo county to have the firm of Levy 
Schwab, and the individual members thereof, W. Levy and S. Schwab, declared insolvent. Such proceedings were thereafter had upon the said petition that said firm and said individual members thereof were, on the twenty-fourth day of December, adjudged insolvent under the provisions of the act of 1895. Thereafter, in due course, the said insolvents filed a statement concerning their debts and liabilities, and a schedule and inventory of their estates, real and personal, as required by law. On the sixth day of April, 1895, in pursuance of an order of the court, the assignee in such insolvency proceeding sold at public auction, among other effects of the insolvents, the books of account and accounts therein of said firm of Levy Schwab, and at such sale the said S. Schwab purchased said books of account for the sum of four hundred dollars. Among these accounts was a claim against W. Levy individually. This claim so purchased by Schwab was allowed by said assignee as against the individual partner, Levy. Upon the coming on for hearing of the final account of assignee in March, 1898, the appellant, the Bank of Woodland, filed a contest and exceptions to the allowance of said claim of Schwab against the said estate of Levy. This contest was answered by Schwab, and upon hearing the court found in his favor and against the contestant. According to the account so settled and allowed the dividend upon the estate of Levy, individually, was two cents and nine mills on the dollar, and on the claim in favor of Schwab amounted to nine hundred and forty dollars and seventy-two cents.
This appeal is taken from that portion of the order adjudging the claim of Schwab to be true and just, and allowing him to participate in the dividend as against said debtor Levy. *Page 284 
It is contended by appellant that the dividend in question should have been ordered paid over to the account of the insolvent firm of Levy Schwab, instead of being ordered to be paid to Schwab, the purchaser of the account of said firm. There is no pretense that the whole transaction of the sale and purchase by Schwab was not open and fair, nor is there any proof or showing of fraud on his part. Schwab had the same right as other purchasers, in open market, to bid in the books of account in question. Further, it appears that the money paid by him on such purchase was turned in by the assignee in his account as part of the proceeds of the sale of the effects of the insolvent firm, and was distributed among the creditors thereof, the appellant included. The insolvent law, as declared in its title, was enacted not only for the purpose of the protection of creditors and the punishment of fraudulent debtors, but also for the relief of debtors. After the insolvents had complied with the provisions of the law in turning over their property upon the adjudication of insolvency, there was nothing to prevent such insolvents from entering into any legitimate business.
It is not claimed that the money paid by respondent formed any part of the insolvent effects, or that it was not his to do with as he pleased. Creditors and others bid at the sale, but he overbid them, and, as a purchaser of the accounts, to that extent became creditor of the individual partner, Levy.
Under the circumstances it would be highly inequitable to deprive him of the fruits of his purchase, without at least restoring to him what he paid; and appellant has furnished us with no authority requiring such an act of injustice.
We think the action of the court below was correct, and the judgment appealed from will be affirmed.
Harrison, J., and Garoutte, J., concurred. *Page 285